# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CHARLES L. ABRAHAMS,<br><br>                      Debtor. | Case No.  16-cv-2082-BAS(DHB)<br>16-cv-2376-BAS(DHB)<br>16-cv-2377-BAS(DHB)<br>16-cv-2441-BAS(DHB)<br>16-cv-2568-BAS(DHB)<br>16-cv-2569-BAS(DHB)<br>16-cv-2570-BAS(DHB)<br>16-cv-2571-BAS(DHB)<br>16-cv-2619-BAS(DHB)<br>16-cv-2887-BAS(DHB)<br>16-cv-2888-BAS(DHB)<br><br>Bankruptcy No. 10-00968-CL7<br><br>**ORDER DISMISSAL WITHOUT PREJUDICE** |

     Appellant Charles L. Abrahams has filed a series of appeals from a United States Bankruptcy Court proceeding with the case number 10-00968-CL7 beginning in November 2014, *In re Charles L. Abrahams*, No. 14-cv-2699-WQH(DHB), and most recently in November 2016, *In re Charles L. Abrahams*, No. 16-cv-2888-BAS(DHB). This Court has already repeatedly admonished Appellant regarding his failure to comply with applicable rules, including the Federal Rules of Bankruptcy Procedure, and court orders, which ultimately resulted in the dismissal of two of his

appeals before this Court. *See In re Charles L. Abrahams*, Nos. 15-cv-2769-BAS(DHB), 16-cv-1281-BAS(DHB). The Honorable William Q. Hayes also dismissed one of Appellant's appeals for similar reasons. *See In re Charles L. Abrahams*, No. 14-cv-2699-WQH(DHB).

For the following reasons, the Court exercises its inherent authority and its authority under Federal Rules of Bankruptcy Procedure 8003(a)(2) and 8020(b) to **DISMISS WITHOUT PREJUDICE** Appellant's appeals.

I.   ANALYSIS

"District courts have the inherent power to control their dockets and, '[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 475 U.S. 829 (1986); *accord Link v. Wabash, R.R. Co.*, 370 U.S. 626, 630-31 (1962) (holding courts are vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute"). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260.

In the bankruptcy appeal context, "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, *including dismissing the appeal*." Fed. R. Bankr. P. 8003(a)(2). "The district court . . . may discipline or sanction an attorney or party appearing before it for other misconduct, including failure to comply with any court order. Fed. R. Bankr. P. 8020(b); *see also* Fed. R. Bankr. P. 8026(b)(2) ("No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law,

applicable federal rules, the Official Forms, or local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement."). "First, however, the court must afford the attorney or party reasonable notice, an opportunity to show cause to the contrary, and if requested, a hearing." Fed. R. Bankr. P. 8020(b).

"If the district court . . . determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. Bankr. P. 8020(a). "An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." *George v. City of Morro Bay (In re George)*, 322 F.3d 586 F.3d 586, 591 (9th Cir. 2003). An appeal that raises "totally meritless arguments which have repeatedly been rejected" may also be characterized as frivolous. *Nunley v. Comm'r of Internal Revenue*, 758 F.2d 372, 373 (9th Cir. 1985) (awarding attorney fees and double costs when "[t]he Supreme Court and this circuit have previously rejected all the arguments [appellant] raises.").

Rule 8009(a)(1) provides, in pertinent part, that "[t]he appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." "The appellant must file and serve the designation and statement within 14 days after . . . the appellant's notice of appeal as a right becomes effective under Rule 8002." Fed. R. Bankr. P. 8009(a)(1)(B)(i). "Failure to comply with bankruptcy procedural rules over the course of months is proper cause for dismissal."[1] *In re Waksberg*, No. CV 09-00419 MMM, 2009 WL 1211351, at *1 (C.D. Cal. Apr. 27, 2009); *see also In re Marsh*, 19 F. App'x 727, 729 (9th Cir. 2001) (holding that a three month delay in designating the record on appeal was an "inexcusably flagrant violation of the court's

---

[1] Incidentally, "[a]n extensive, unreasonable delay in complying with the requirements of [Federal Rule of Bankruptcy Procedure] 8006 can constitute bad faith." *In re Lish*, No. 2:12-cv-02204-APG-NJK, 2013 WL 4006603, at *2 (D. Nev. Aug. 5, 2013) (citing Ninth Circuit authority).

– 3 –

rules" and warranted dismissal); *In re Luo*, 116 F.3d 1486 (9th Cir. 1997) (Table) (holding that the district court properly dismissed a bankruptcy appeal *sua sponte* after the appellant "waited forty-nine days to designate the record on appeal, to file a statement of issues, and to file a notice of transcripts").

The Court is once again presented with eleven of Appellant's appeals that have failed to comply with the Federal Rules of Bankruptcy Procedure and this Court's orders. Specifically, on December 30, 2016, the Court issued an order in all eleven appeals requiring Appellant to perfect his appeals in accordance with Federal Rule of Bankruptcy Procedure 8009 and file a statement of prosecution, clearly stating his intention to pursue his eleven appeals, no later than January 16, 2017. Despite the warning that further non-compliance may result in the dismissals of his appeals, Appellant has done neither. In fact, there has been no activity in any of these appeals by Appellant.

Continuing the pattern of Appellant's non-compliance in his appeals leading to dismissal, the Court finds that dismissal is also warranted in his eleven appeals currently before this Court. Appellant, a licensed attorney, has failed to take any meaningful action in these appeals, and none of these appeals has progressed beyond the preliminary stages. Based on the current status of the appeals, it appears that Appellant is not prepared to perfect his appeals or file an opening brief any time soon. Despite being notified his appeals remain unperfected and facing the threat of dismissal, Appellant has not acted or requested a hearing. *See* Fed. R. Bankr. P. 8020(b).

In light of the continuous, flagrant disregard for following the Federal Rules of Bankruptcy Procedure and this Court's orders, and the unreasonable delay in complying with the requirements of Rule 8009, the Court finds that dismissal is appropriate under the circumstances. *See In re Lou*, 116 F.3d 1486 (49-day delay); *In re Marsh*, 19 F. App'x at 729 (109-day delay); *In re Waksberg*, 2009 WL 1211351, at *1 (133-day delay).

## II. CONCLUSION & ORDER

The Court exercises its inherent power and its authority under Rule 8003(a)(2) and Rule 8020(b) to dismiss the eleven appeals before this Court for Appellant's unreasonable delay in complying with Rule 8009 and for his failure to comply with this Court's orders. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the following appeals in their entirety: *In re Charles L. Abrahams*, Nos. 16-cv-2082-BAS(DHB), 16-cv-2376-BAS(DHB), 16-cv-2377-BAS(DHB), 16-cv-2441-BAS(DHB), 16-cv-2568-BAS(DHB), 16-cv-2569-BAS(DHB), 16-cv-2570-BAS(DHB), 16-cv-2571-BAS(DHB), 16-cv-2619-BAS(DHB), 16-cv-2887-BAS(DHB), 16-cv-2888-BAS(DHB).

**IT IS SO ORDERED.**

DATED: January 18, 2017

Hon. Cynthia Bashant
United States District Judge